

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2017 MAR 30 AM 12:0_
CLERK'S OFFICE
AT BALTIMORE
BY ________ DEPUTY

*Zachary A. Myers*
*Assistant United States Attorney*
*Zachary.Myers@usdoj.gov*

*Suite 400*
*36 S. Charles Street*
*Baltimore, MD 21201-3119*

*DIRECT: 410-209-4848*
*MAIN: 410-209-4800*
*FAX: 410-962-0716*

March 29, 2017

William Purpura, Esq.
LAW OFFICE OF PURPURA & PURPURA
8 E Mulberry St
Baltimore, MD 21202

Re: United States v. Jason David Young, CCB-15-0465

Dear Mr. Purpura:

This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have the Defendant execute it in the spaces provided below. If this offer has not been accepted **on March 29, 2017**, and a plea of guilty entered by **March 30, 2017**, it will be deemed withdrawn.

The terms of the agreement are as follows:

## Offenses of Conviction

1. The Defendant agrees to plead guilty to Counts One and Seven of the Superseding Indictment which charge him with Felon in Possession of a Firearm, in violation of Title 18, United States Code, Section 922(g)(1), and Coercion and Enticement in violation of Title 18, United States Code, Section 2422(a). The Defendant admits that the Defendant is, in fact, guilty of that offense and will so advise the Court.

## Elements of the Offenses

2. The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

**Count One: Felon in Possession of a Firearm**

a. The Defendant knowingly possessed;
b. a firearm;
c. in and affecting interstate commerce;
d. after conviction for a crime punishable by over one year imprisonment.

**Count Seven: Coercion and Enticement**

a. The Defendant knowingly persuaded, enticed, or coerced C.A. and T.L. to travel in interstate or foreign commerce;

b. purpose of the travel was for C.A. and T.L. to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense

**Penalties**

3. The parties stipulate and agree that, pursuant to 18 U.S.C. § 924(e), because the Defendant has at least three prior convictions for violent felonies or serious drug offenses, the statutory penalty for Count One, Felon in Possession of a Firearm, is life imprisonment and a mandatory minimum of not less than fifteen (15) years, followed by a term of supervised release of not more than five (5) years and a fine of up to $250,000. The statutory penalty for Count Seven, Coercion and Enticement, is a term of not more than twenty (20) years imprisonment, followed by a term of supervised release of not more than three (3) years and a fine of up to $250,000.

4. In addition, the Defendant must pay $200 as a special assessment pursuant to Title 18, United States Code, Section 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order the Defendant to make restitution pursuant to Title 18, United States Code, Sections 3663, 3663A, and 3664. If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to Title 18, United States Code, Section 3572(d), the Court orders otherwise. The Defendant understands that if the Defendant serves a term of imprisonment, is released on supervised release, and then violates the conditions of supervised release imposed by the Court, the Defendant's supervised release could be revoked—even on the last day of the term—and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

**Waiver of Rights**

5. The Defendant understands that by entering into this agreement, the Defendant surrenders certain rights as outlined below:

a. If the Defendant had persisted in a plea of not guilty, the Defendant would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

b. If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

c. If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront

and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses, however, the Defendant would have the subpoena power of the Court to compel the witnesses to attend.

d. The Defendant would have the right to testify if the Defendant so chose, and the Defendant would have the right to refuse to testify. If the Defendant chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from the Defendant's decision not to testify.

e. The Defendant further waives any and all motions, defenses, probable cause determinations, objections which defendant could assert to the indictment or to the Court's entry of judgment against the Defendant, and any imposition of sentence upon the Defendant consistent with this agreement. If Defendant files a notice of appeal, notwithstanding this agreement, Defendant agrees that this case shall be remanded to the district court to determine whether Defendant is in breach of this agreement and, if so, to permit the United States to withdraw from the plea agreement.

f. If the Defendant were found guilty after a trial, the Defendant would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against the Defendant. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

g. By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that the Defendant may have to answer the Court's questions both about the rights the Defendant is giving up and about the facts of the Defendant's case. Any statements the Defendant makes during such a hearing would not be admissible against the Defendant during a trial except in a criminal proceeding for perjury or false statement.

h. If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find the Defendant guilty.

i. By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status. The Defendant recognizes that if the Defendant is not a citizen of the United States, pleading guilty may have consequences with respect to the Defendant's immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including defense counsel or the Court, can predict with certainty the effect of a conviction on immigration status. The Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any potential immigration consequences.

**Advisory Sentencing Guidelines Apply**

6. The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform

Act of 1984 at Title 18, United States Code, Sections 3551-3742 (excepting Title 18, United States Code, Sections 3553(b)(1) and 3742(e)) and Title 28, United States Code, Sections 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

**Factual and Advisory Guidelines Stipulation**

7. This Office and the Defendant understand, agree and stipulate to the following Statement of Facts set forth in Attachment A hereto which this Office would prove beyond a reasonable doubt and to the following applicable sentencing guidelines factors:

**Group 1**

The offense level applicable to Count One of the Superseding Indictment is as follows:

a. **Base Offense Level:** The base offense level is twenty-four (24) pursuant to U.S.S.G. §2K2.1(a)(2), because the Defendant committed the offense after sustaining at least two felony convictions of either a crime of violence or a controlled substance offense.

b. **3-7 Firearms:** Pursuant to U.S.S.G. §2K2.1(b)(1)(A), there is a two (2) level increase because the offense involved five firearms.

c. **Stolen Firearms:** Pursuant to U.S.S.G. §2K2.1(b)(4)(A), there is a two (2) level increase because the offense involved five stolen firearms.

d. **Other Felony:** Pursuant to U.S.S.G. §2K2.1(b)(6)(B), there is a four (4) level increase because the Defendant possessed firearms and ammunition in connection with other felony offenses, including felony sex trafficking and narcotics offenses.

e. **Obstruction of Justice:** Pursuant to U.S.S.G. §3C1.1, there is a two (2) level increase because the Defendant willfully obstructed and impeded the administration of justice with respect to the investigation, prosecution, or sentencing of the firearms offense by encouraging witnesses not to cooperate with law enforcement officers and encouraging others to falsely claim sole responsibility for the firearms.

f. **Adjusted Offense Level:** Thus, the adjusted offense level for Count One is thirty-four (34).

**Groups 2 through 4**

The parties stipulate and agree that pursuant to U.S.S.G. §1B1.2(c), the Defendant's relevant conduct with regards to C.Y., C.A., and T.L. set forth in the stipulated factual basis constitutes Sex Trafficking by Force, Fraud or Coercion, in violation of Title 18, United States Code, Section 1591(a), each being a separate group. The parties further stipulate and agree that the offenses charged in Count Seven of the Superseding Indictment groups with the Sex Trafficking of C.A. and T.L.:

a. **Base Offense Level:** The base offense level is thirty-four (34) pursuant to U.S.S.G. §2G1.1(a)(1).

b. **Vulnerable Victims:** Pursuant to U.S.S.G. §3A1.1(b)(1), there is a two (2) level increase because the Defendant knew or should have known that C.Y., C.A., and T.L. were unusually vulnerable to the offenses due to their physical and mental conditions, including addictions to controlled substances.

c. **Aggravating Role:** Pursuant to U.S.S.G. §3B1.1(a), there is a four (4) level increase because the Defendant was an organizer and leader of a criminal activity that involved five or more participants and was otherwise extensive.

d. **Obstruction of Justice:** Pursuant to U.S.S.G. §3C1.1, there is a two (2) level increase because the Defendant willfully obstructed and impeded the administration of justice with respect to the investigation and prosecution by repeatedly encouraging victims and witnesses to testify falsely, fail to appear in Court or otherwise not cooperate with law enforcement officers.

e. **Adjusted Offense Level:** Thus, the adjusted offense level for each of Groups 2 through 4 is forty-two (42).

**Grouping**

f. **Grouping Adjustment:** Pursuant to U.S.S.G. §§3D1.2 and 3D1.4, Groups 1 through 4 combine for 3.5 units, as listed below:

| Group | OL | Units |
|---|---|---|
| 1: Felon in Possession of a Firearm | 34 | .5 |
| 2: Sex Trafficking of C.Y. | 42 | 1 |
| 3: ST of C.A. | 42 | 1 |
| 4: ST of T.L. | 42 | 1 |

Thus, there is a four (4) level increase to the highest offense level.

g. **Combined Adjusted Offense Level:** Thus, the combined adjusted offense level is forty-six (46).

8. This Office does not oppose a two-level reduction in the Defendant's combined adjusted offense level, based upon your client's apparent prompt recognition and affirmative acceptance of personal responsibility for your client's criminal conduct. This Office may oppose any adjustment for acceptance of responsibility if your client (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about your client's involvement in the offense; (d) is untruthful with the Court, this Office or the United States Probation Officer; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw the plea of guilty.

9. Thus, the final anticipated adjusted offense level is **forty-four (44),** after the anticipated adjustment for acceptance of responsibility.

10. The Defendant understands that there is no agreement as to the Defendant's criminal history or criminal history category, and that the Defendant's criminal history could alter the Defendant's offense level if the Defendant is a career offender or if the instant offense was a part of a pattern of criminal conduct from which the Defendant derived a substantial portion of the Defendant's income.

11. This Office and the Defendant agree that, with respect to the calculation of the advisory guidelines range, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in Chapters 2, 3, 4, or 5 of the United States Sentencing Guidelines will be raised or are in dispute.

## Rule 11(c)(1)(C) Plea

12. The parties stipulate and agree pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that concurrent sentences of twenty years imprisonment on Counts One and Seven of the Superseding Indictment, for a total sentence of **20 years' (240 months') imprisonment followed by a five (5) year term of supervised release** is the appropriate disposition of this case. This agreement does not affect the Court's discretion to impose any lawful fine or to set any lawful conditions of probation or supervised release. In the event that the Court rejects this plea agreement, *either* party may elect to declare the agreement null and void. Should the Defendant so elect, he will be afforded the opportunity to withdraw his plea pursuant to the provisions of Federal Rule of Criminal Procedure 11(c)(5). The parties agree that if the Court finds that the defendant engaged in obstructive or unlawful behavior and/or failed to acknowledge personal responsibility as set forth herein, neither the Court nor the government would be bound by the specific sentence or sentencing range contained in this paragraph and the defendant would not be able to withdraw his plea.

## Obligations of the United States Attorney's Office

13. The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct.

14. At the time of sentencing, the Government will dismiss all open counts of the Superseding Indictment.

## Collection of Financial Obligations

15. The Defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court.

16. In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the Defendant agrees to disclose fully all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party.

17. The Defendant will promptly submit a completed financial statement to the United States Attorney's Office, in a form this Office prescribes and as it directs. The Defendant promises

that the financial statement and disclosures will be complete, accurate and truthful, and understands that any willful falsehood on the financial statement will be a separate crime and may be punished under 18 U.S.C. § 1001 by an additional five years' incarceration and fine.

**Waiver of Appeal**

18. In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

a. The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction;

b. The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the Defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release);

c. Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error; and,

d. The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

**Obstruction or Other Violations of Law**

19. The Defendant agrees that the Defendant will not commit any offense in violation of federal, state or local law between the date of this agreement and the Defendant's sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under USSG §3C1.1, (ii) fails to accept personal responsibility for the Defendant's conduct by failing to acknowledge the Defendant's guilt to the probation officer who prepares the Presentence Report, (iii) moves to withdraw the Defendant's guilty plea or (iv) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that the Defendant may not withdraw the Defendant's guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph. The Defendant acknowledges that he may not withdraw his guilty plea--even if made pursuant to Rule 11(c)(1)(C) -- if the Court finds that the defendant engaged in obstructive or unlawful behavior and/or failure to acknowledge personal responsibility. In that event, neither the Court nor the government would

be bound by the specific sentence or sentencing range agreed and stipulated to herein pursuant to 11(c)(1)(C).

**Entire Agreement**

20. This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

Zachary A. Myers/pem
By: Zachary A. Myers
Patricia McLane
Assistant United States Attorneys

I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

3-30-2017
Date

Jason David Young

I am Jason David Young's attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

3-30-2017
Date

William Purpura, Esq.

**EXHIBIT A**
**STIPULATED FACTS**

*The undersigned parties hereby stipulate and agree that the following facts are true, and if this case had proceeded to trial, the government would have proven them beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial*

The Defendant, Jason David Young, a/k/a "Bird, "J Bird," and "Chris," age 33, was a pimp who knowingly recruited, enticed, harbored, transported, maintained and advertised several women for the purpose of engaging them in commercial sex acts from on or about September 2013 through on or about October 2015. The Defendant used physical, mental and emotional abuse and threats in order to cause the women to engage in commercial sex acts for his financial benefit.

The Defendant also caused the transportation of the women in interstate commerce for the purpose of engaging in prostitution. Specifically, on February 26, 2014, the Defendant and J.M. transported C.A. to a hotel in Prince William County, Virginia for a prostitution date. While C.A. was in the hotel room with her customer, a police officer approached the car and questioned the Defendant and J.M. J.M. agreed to a search of the car where the officer recovered a loaded .38 revolver in a purse found in the backseat passenger area. C.A. admitted to carrying the revolver and told the officer that she was given the firearm to protect herself while she went on prostitution dates. C.A. was arrested and convicted ~~of both possession of a firearm and~~ for prostitution. C.A. later admitted that the Defendant had given her the firearm and that he routinely possessed firearms and had the women take responsibility for firearms if discovered by the police.

On December 15, 2014, the Defendant and A.B. were stopped while driving in Howard County, Maryland. The Defendant was driving and there was a stolen firearm under the seat, specifically a Walther P99 9mm handgun, serial number FAH8451. A.B. gave a statement indicating that the gun was hers; she was convicted of possession of the firearm. ~~A.B. had twice been arrested with the Defendant and a firearm in Virginia and also claimed the gun was hers on those occasions.~~



On February 12, 2015, the Prince George's Police Department arrested the Defendant on a parole retake warrant. The Defendant was outside of Sign Shepard (a local business owned and operated by the Defendant's friend). The owner consented to a search of his business. Officers recovered a bag identified by the owner as belonging to the Defendant. The owner told investigators that he had seen the Defendant with firearms, and when the owner saw the police outside the shop he hid the firearms above the ceiling tiles in the shop so that the Defendant would not get in trouble. Investigators recovered two handguns from the ceiling area, specifically a Glock 21 .45 caliber handgun, serial number VSE712 and a H&K USP Tactical .45 caliber handgun, serial number 25129218. The two handguns had also been stolen.

All three firearms were stolen from W.R., a gun collector and prostitution customer who kept a gun safe on the same floor of his house as his master bedroom. W.R. was a customer of several of the women the Defendant trafficked, including A.B. and T.L. The Defendant went to W.R.'s house with the women once. The gun safe was not fully locked and closed. Women who

worked for Young twice stole firearms from W.R. and later provided them to the Defendant. A total of five firearms were stolen from his residence.

The Defendant took photos of the five firearms using his mobile device and sent them to other individuals. The photographs of the guns were taken inside the apartment the Defendant provided to the women in exchange for the women giving the Defendant the proceeds of their commercial sex acts. The Defendant controlled all of the women's money and movements, often threatening to beat them if they failed to comply with any of his instructions. The Defendant also provided the women with narcotics, including heroin and crack cocaine, and withheld narcotics from addicted women in order to exert control over them. Several of the woman secretly sought medical treatment for injuries inflicted by the Defendant. The Defendant's mobile device contained a video he recorded of one of the women who worked for him beating another on his behalf for not being ready to leave their apartment to see commercial sex customers. His mobile device also contained images of the injuries resulting from a severe beating he inflicted on one of the women, leaving nearly half of her face severely swollen and bruised.

In January 2015, the Defendant drove C.A. and T.L. to Tennessee to engage in commercial sex in hotel rooms rented by the Defendant. Several ads were posted online to recruit commercial sex customers, and both women were arrested for prostitution following an undercover prostitution sting by the Knox County Sheriff's Office.

Prior to December 15, 2014, the Defendant was convicted of multiple crimes punishable by a term of imprisonment exceeding one year. His civil rights had not been restored. Three of the recovered and stolen firearms; namely, the Walther P99 9mm handgun, serial number FAH8451, the Glock 21 .45 caliber handgun, serial number VSE712 and the H&K USP Tactical .45 caliber handgun, serial number 25129218, are operable and were not manufactured in Maryland. Therefore, the firearms previously traveled in and affected interstate commerce.

I have read this statement of facts, and carefully reviewed it with my attorney. I acknowledge that it is true and correct.

03/30/2017
Date

Jason David Young

I am Jason David Young's attorney. I have carefully reviewed this statement of facts with him.

William Purpura, Esq.